FILED
2016 DEC 14 PM 1:11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HEON-CHEOL CHI,<br><br>　　　　Defendant. | CR No. 16**16CR0 0824**<br><br>**I N D I C T M E N T**<br><br>[18 U.S.C. § 1957: Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity; 18 U.S.C. § 2(b): Causing An Act to Be Done; 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNTS ONE AND TWO

[18 U.S.C. §§ 1957, 2(b)]

A.　INTRODUCTORY ALLEGATIONS

　　At all times relevant to this Indictment:

　　1.　Defendant HEON-CHEOL CHI ("CHI") was a citizen and resident of the Republic of Korea ("South Korea"). From at least in or around 2003 to the present, defendant CHI served as a principal researcher at the Korea Institute of Geoscience and Mineral Resources ("KIGAM"). From at least in or around 2011 to the present, defendant CHI also served as the director of KIGAM's Earthquake Research Center.

2. KIGAM was a government-funded geoscience research institute in South Korea that tested seismological equipment and provided technical certifications for equipment used in government-funded projects. Companies seeking to secure business in South Korea in connection with government-funded projects generally needed to meet the specified requirements set forth by KIGAM and obtain proper technical certifications from KIGAM. In addition to setting the parameters for public tenders, KIGAM also purchased equipment directly from companies.

3. During his time at KIGAM, defendant CHI played an influential role in steering business to companies through the process of providing certifications and purchasing equipment.

4. As a result of his positions at KIGAM, defendant CHI was a public official as set forth in Article 129 of South Korea's Criminal Code, which provided, in relevant part, that "[a] public official . . . who receives, demands, or promises to accept a bribe in connection with his duties shall be punished by imprisonment for not more than five years or suspension of qualifications for not more than ten years."

5. "Company A," a company whose identity is known to the Grand Jury, was a company that manufactured and distributed instruments used in detecting earthquakes and other seismic events. Company A was headquartered in the United Kingdom. During the relevant period, Company A conducted business in South Korea, including in connection with government-funded projects.

6. Bank of America was a financial institution, with a branch in Glendora, California, within the Central District of California, at which defendant CHI held an account number ending in XX070.

B. THE SPECIFIED UNLAWFUL ACTIVITY: BRIBERY

7. From at least in or around 2009 and continuing to at least in or around 2015, Company A paid defendant CHI approximately $650,000 to approve technical certifications for Company A's products for use in government-funded projects, in violation of South Korean law, specifically, Article 129 of South Korea's Criminal Code. Defendant CHI received such payments into his Bank of America account with account number ending in XX070 located in Glendora, California.

8. Company A made these payments to defendant CHI in exchange for defendant CHI's agreement to influence the awarding of business to Company A in South Korea. In an email on or about February 5, 2013, defendant CHI wrote to representatives of Company A to "please remind your president that my institute and members are supporting your company behind."

9. Defendant CHI knew that the payments were illegal.

　　a. On or about March 31, 2010, defendant CHI sent an email to Company A's head of sales, stating that "due to my position, I am not allowed to participate in any activity of private companies. . . . [C]ash flow of me and my family should be reported to government every year. That is why I got the advice fee from you through the American bank."

　　b. On or about May 27, 2011, defendant CHI emailed Company A's head of sales in response to a request to serve as a reference, stating that "[o]fficially I cannot support any private company by regulation. Therefore you could not use or refer my name for your projects in Korea even if you fully supported behind. I am very sorry for my status as a governmental officer."

   c. On or about June 23, 2014, defendant CHI sent an email to Company A's head of sales in connection with certifying the company's equipment, explaining, "I am a governmental officer and I should not have any contact with private company. Moreover, it is illegal to assist any company related to the test."

  10. Defendant CHI tried to conceal the payments from Company A by asking Company A not to reveal the arrangement to others at KIGAM and urging Company A to delete emails in which he referenced the scheme. On or about February 7, 2008, defendant CHI e-mailed two representatives of Company A regarding a recent bid for seismic readers by a Korean company. In the e-mail, defendant CHI informed the representatives that Company A would be the only company to satisfy a technical requirement, and he also urged that "[a]fter reading this, please reply to me whether you get it and delete this file for safety."

  11. Following his receipt of funds from Company A into his Bank of America account with account number ending in XX070, defendant CHI transferred the funds in whole or in part to his Merrill Lynch brokerage account located in New York, New York.

C. THE MONETARY TRANSACTIONS

  12. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHI, knowing that the funds involved represented the proceeds of some form of unlawful activity, engaged and attempted to engage in, and willfully caused others to engage and attempt to engage in, the following monetary transactions in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, that is, an offense against a foreign

nation involving bribery of a public official in violation of foreign law (Art. 129 of South Korea's Criminal Code), as identified at Title 18, United States Code, Section 1956(c)(7)(B)(iv):

| COUNT | DATE | TRANSACTION |
|---|---|---|
| ONE | 3/22/2013 | Writing a check in the amount of $50,000 from Bank of America account with account ending in XX070 in Glendora, California, which was deposited to Merrill Lynch brokerage account number ending in XXX-XX235 in New York, New York |
| TWO | 8/14/2014 | Writing a check in the amount of $50,000 from Bank of America account with account ending in XX070 in Glendora, California, which was deposited to Merrill Lynch brokerage account number ending in XXX-XX235 in New York, New York |

FORFEITURE ALLEGATION

[18 U.S.C. § 982(a)(1); 28 U.S.C. § 2461(c)]

13. Pursuant to Title 18, United States Code, Section 982, and Rule 32.2(a), Fed. R. Crim. P., if defendant HEON-CHEOL CHI ("CHI") is convicted of any of the offenses set forth in Counts One and Two of this Indictment, he shall forfeit to the United States: Any property, real or personal, involved in such offense, and any property traceable to such property.

14. Pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(2), defendant CHI shall forfeit substitute property, if, by any act or omission of the defendant, the property described in paragraph 13, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where defendant acted merely as an intermediary who handled but did not retain the property in the course of the money-laundering offense unless the defendant, in

//
//

```
 1  committing the offense or offenses giving rise to the forfeiture,
 2  conducted three or more separate transactions involving a total of
 3  $100,000.00 or more in any twelve-month period.
 4
 5                                           A TRUE BILL
 6
 7                                           _____/S/_____
                                             Foreperson
 8
 9  EILEEN M. DECKER
    United States Attorney
10  [signature]
11  Scott Garringer
    Deputy Chief, Criminal Division For:
12  LAWRENCE S. MIDDLETON
    Assistant United States Attorney
13  Chief, Criminal Division
14  JILL T. FEENEY
    Assistant United States Attorney
15  Acting Chief, Major Frauds
    Section
16
    STEPHEN A. CAZARES
17  Assistant United States Attorney
    Deputy Chief, Major Frauds
18  Section
19  SARAH HEIDEL
    Assistant United States Attorney
20  Major Frauds Section
21  ANDREW WEISSMANN
    Chief, Fraud Section
22  U.S. Department of Justice
23  ANNA G. KAMINSKA
    Trial Attorney, Fraud Section
24  U.S. Department of Justice
25  DAVID M. FUHR
    Trial Attorney, Fraud Section
26  U.S. Department of Justice
27
28
```