SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SARAH J. HEIDEL (Cal. Bar No. 209886)
Assistant United States Attorney
Major Frauds Section
ANNA G. KAMINSKA
DAVID M. FUHR
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2451/(202)307-0321
     Facsimile: (213) 894-6269
     E-mail:    sarah.heidel@usdoj.gov
                anna.kaminska@usdoj.gov
                david.fuhr@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>HEON-CHEOL CHI,<br><br>          Defendant. | No. 16-824-JFW<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** 4/25/17<br>**[PROPOSED] TRIAL DATE:** 9/12/17 |
|---|---|

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorney Sarah J. Heidel, and United States Department of Justice Trial Attorneys Anna G. Kaminska and David M. Fuhr, and defendant Heon-Cheol Chi ("defendant"), both

individually and by and through his counsel of record, Joel Koury, hereby stipulate as follows:

1. The Indictment in this case was filed on December 14, 2016. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on January 6, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before March 17, 2017.

2. On January 9, 2017, the Court set a trial date of February 14, 2017, and set the following briefing schedule for pretrial motions: Pretrial motions to be filed not later than January 23, 2017, opposition briefs to be filed not later than January 30, 2017, and reply briefs to be filed not later than February 1, 2017. The Court also ordered status conference on February 6, 2017.

3. Defendant is presently detained pending trial, but the parties have filed a stipulation regarding release subject to agreed-upon bond conditions. The parties estimate that the trial in this matter will last approximately 5 days.

4. By this stipulation, defendant moves to continue the trial date to September 12, 2017. Defendant also requests that the Court continue the briefing schedule for pretrial motions as follows: Pretrial motions to be filed not later than July 21, 2017, opposition briefs to be filed not later than August 4, 2017, reply briefs to be filed not later than August 11, 2017, and a status conference on August 28, 2017. This is the second request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with violations of 18 U.S.C. § 1957: money laundering, with a violation of Korean law as the underlying specified unlawful activity. The government to date has produced more than 40,000 documents in discovery to the defense, including roughly 10,000 pages of bank records, 100,000 pages from defendant's laptop, as well as several thousand emails and other documents.

b. Defense counsel presently has the following scheduling conflicts:

i. April 12th through the 15th, counsel will be traveling with his family out of the state.

ii. People v. Martin Cervantes, TA139012-02, a murder and multi-count attempted murder on police officers case set for trial on April 17, 2017 in the Compton Superior Court that is expected to last three weeks.

iii. People v. Juan Colon, SA093116, a two-defendant multi-count takeover robbery of a firearm store case set for trial on May 15, 2017 in the Los Angeles Superior Court that is expected to last three weeks.

iv. People. v. Xhia Shi, GA099631, a two-defendant kidnapping case set for trial on June 1, 2017 in the Alhambra Superior Court that is expected to last two weeks.

v. United States v. Michael Nieto, 14CR107-VAP-8, a complex multi-defendant RICO case set for trial on June 27, 2017 in this district that is expected to last two to three weeks.

vi. July 19th through July 28th, counsel will be traveling with his family out of the country.

    vii. <u>People v. Giovany Rodriguez</u>, BA441320, a two-defendant attempted murder case set for trial on August 1, 2017 in the Los Angeles Superior Court that is expected to last two weeks.

    viii. <u>People v. Donald Booker</u>, GA099455, an attempted murder case set for trial on August 16, 2017 in the Alhambra Superior Court that is expected to last two weeks.

  c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  e. The government continues to investigate defendant's conduct, and this investigation may well lead the government to seek additional charges against defendant and/or additional parties to the case. Accordingly, while the government is prepared to proceed to trial on April 25, 2017, on the charges currently pending against defendant, it does not object to the requested continuance.

  f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

4

part of the attorney for the government to obtain available witnesses.

6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of April 25, 2017 to September 12, 2017, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

```
 1  Dated: March 14, 2017            Respectfully submitted,
 2                                   SANDRA R. BROWN
                                     Acting United States Attorney
 3
                                     LAWRENCE S. MIDDLETON
 4                                   Assistant United States Attorney
                                     Chief, Criminal Division
 5
 6                                           /s/
                                     SARAH J. HEIDEL
 7                                   Assistant United States Attorney
                                     ANNA G. KAMINSKA
 8                                   DAVID M. FUHR
                                     Trial Attorneys
 9                                   United States Department of Justice

10                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
11
```

I am Heon-Cheol Chi's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than September 12, 2017 is an informed and voluntary one.

_____           3-16-17
JOEL KOURY                                   March 16, 2017
Attorney for Defendant
Heon-Cheol Chi

I have read this agreement, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than ~~August 29~~ September 12 (HCC), 2017. I understand that if my request for bond is granted by the time this stipulation is filed, I will be ordered to appear in Courtroom 7A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, CA 90012,

Courtroom 7A, Los Angeles, California on September 12, 2017 at 8:00 a.m.

_____  _____3-16-17_____
HEON-CHEOL CHI                   March 16, 2017
Defendant