SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
POONAM KUMAR (Cal. Bar No. 270802)
Assistant United States Attorneys
Major Frauds Section
ANNA G. KAMINSKA
DAVID M. FUHR
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/(202)307-0321
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                anna.kaminska@usdoj.gov
                david.fuhr@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-824(A)-JFW |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S MOTION FOR REMAND OF DEFENDANT</u> |
| v. | |
| HEON-CHEOL CHI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Poonam Kumar, and United States Department of Justice Trial Attorneys Anna G. Kaminska

//

//

and David M. Fuhr, hereby files its Motion for Remand of Defendant following conviction at trial.

Dated: July 19, 2017

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


        /s/
POONAM G. KUMAR
Assistant United States Attorney
ANNA G. KAMINSKA
DAVID M. FUHR
Trial Attorneys
United States Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 17, 2017, defendant Heon-Cheol Chi ("defendant") was convicted of one count of money laundering, in violation of 18 U.S.C. § 1957.[1]  The Court thereafter set defendant's sentencing for October 2, 2017.  At the conclusion of trial, the government made a motion to remand defendant into custody.  The government continues to have significant concerns regarding the heightened risk that defendant – a national and resident of South Korea with virtually no ties to the Central District of California, let alone the United States – will flee.  The government further submits that defendant has failed to overcome the presumption of detention by clear and convincing evidence.  Accordingly, the government respectfully requests that this Court remand defendant into custody pending sentencing.

**II.  DEFENDANT SHOULD BE REMANDED PURSUANT TO 18 U.S.C. § 3143(a)(1)**

Section 3143 requires the detention of a defendant found guilty of an offense pending sentence, for whom a term of imprisonment is recommended, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of another person or the community."  18 U.S.C. § 3143(a)(1).  "The burden of establishing that the defendant will not flee or pose a danger . . . rests with the defendant."  Fed. R. Crim. 46(c).  Here, defendant cannot meet this burden.

As a threshold matter, defendant is a national and resident of South Korea with virtually no ties to the United States.  Indeed,

---

[1] With the consent of both parties, the Court declared a mistrial as to the remaining five counts in the First Superseding Indictment.

defendant has been residing only in temporary housing during the pendency of this matter. Defendant works in South Korea, and his wife and son also reside there. Defendant's significant ties to a foreign country – including his known familial ties – provide defendant a series of reasons to flee this jurisdiction. Other than reporting for his term of imprisonment, defendant has no reason to remain. At the conclusion of trial, counsel for defendant indicated that defendant has significant support in South Korea, including at his workplace. However, these ties simply operate to increase defendant's incentive to flee to South Korea.

In addition, defendant is facing a Guideline sentence of approximately five to six years in prison. Including all relevant conduct, the government's initial guideline calculation is as follows:

| | | |
|---|---|---|
| Base Offense Level: | U.S.S.G. § 2S1.1(a)(2) | 8 |
| Specific Offense Characteristics | | |
| More than $550,000 in laundered funds: | U.S.S.G. § 2B1.1(b)(1)(H) | +14 |
| Conviction Under 18 U.S.C. § 1957: | U.S.S.G. § 2S1.1(b)(2)(A) | +1 |
| Abuse of Position of Trust or Use of Special Skill: | U.S.S.G. § 3B1.3 | +2 |
| **TOTAL OFFENSE LEVEL** | | 25 |

Assuming a criminal history category of I, defendant's resulting Guideline range is 57 to 71 months of imprisonment. This considerable term of imprisonment – for a defendant who, outside of a

brief period of pretrial detention, has never spent time in prison and who presumably believed he would be found not guilty at trial – raises the risk of defendant's flight even higher.  Defendant also appears to have access to financial resources in that his conditions of release include the posting of a $100,000 cash bond.  (CR Dkt. No. 33.)

The nature of defendant's crimes must also be considered at this juncture.  Defendant directed his bribe proceeds to a bank account to California so as to avoid detection by the South Korean government.  He asked for records, i.e., emails, establishing this illegal conduct to be destroyed.  He also used a fake address in New Jersey to obscure his conduct from his colleagues and misappropriated the identity of the actual resident of that address for purposes of maintaining the investment account through which his bribe payments were laundered.  Such concealment emphasizes the lengths defendant will go to in order to avoid detection.  At bottom, defendant deliberately chose to engage in this criminal behavior over the span of approximately twelve years, all the while knowing it was illegal, and laundered the funds to hide it from all those around him.

Defendant will presumably point to his compliance with the terms of his pretrial release as justification for his continued release. However, bare compliance with the required conditions of his pretrial release does not amount to clear and convincing evidence that defendant will not flee now that he has been found guilty of a federal offense and faces a substantial period of imprisonment. Rather, this compliance merely signifies that defendant was permitted to remain on bond under the standard conditions of release rather than being remanded earlier.  Moreover, defendant presumably went to

3

trial in an effort to escape responsibility for his crimes.  With the jury's verdict, that possibility has now been extinguished – all that remains in defendant's case is his sentencing and, thus, defendant's risk of flight markedly increased upon the return of that verdict. Indeed, it is for these very reasons that the Bail Reform Act provides for the detention of defendant absent "clear and convincing evidence" to the contrary.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court remand defendant into custody pending sentencing.

4