**FILED**
CLERK, U.S. DISTRICT COURT

July 17, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____sr_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )  Case No. **CR 16-824(A)-JFW**
                               )
              Plaintiff,       )  **JURY INSTRUCTIONS**
                               )
     v.                        )
                               )
HEON-CHEOL CHI,                )
                               )
              Defendant.       )
_____ )

COURT'S INSTRUCTION NO. 1.

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

COURT'S INSTRUCTION NO. 2.

The First Superseding Indictment is not evidence.  The defendant has pleaded not guilty to each of the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 3.

    Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

    A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

    If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

COURT'S INSTRUCTION NO. 4.

2

3          You are here only to determine whether the defendant is

4    guilty or not guilty of the charges in the First Superseding

5    Indictment.   The defendant is not on trial for any conduct or

6    offense not charged in the First Superseding Indictment.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 5.

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

1              COURT'S INSTRUCTION NO. 6.

2

3      The evidence you are to consider in deciding what the

4 facts are consists of:

5      (1) the sworn testimony of any witness;

6      (2) the exhibits received in evidence; and

7      (3) any facts to which the parties have agreed.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 7.

The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. 8.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 9.


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1                      COURT'S INSTRUCTION NO. 10.

2

3       A defendant in a criminal case has a constitutional right

4  not to testify.  You may not draw any inference of any kind

5  from the fact that the defendant did not testify.

COURT'S INSTRUCTION NO. 11.


     You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

COURT'S INSTRUCTION NO. 12.


    You have heard evidence that the defendant committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

COURT'S INSTRUCTION NO. 13.


    You have heard testimony from Natalie Pearce, a witness who received immunity.  That testimony was given in exchange for a promise by the government that the witness will not be prosecuted.

    For this reason, in evaluating the testimony of Natalie Pearce, you should consider the extent to which or whether her testimony may have been influenced by this factor.  In addition, you should examine the testimony of Natalie Pearce with greater caution than that of other witnesses.

1            COURT'S INSTRUCTION NO. 14.

2

3      The Korean language has been used during this trial.

4

5      The evidence you are to consider is only that provided

6  through the official court translators.  Although some of you

7  may know the Korean language, it is important that all jurors

8  consider the same evidence.  Therefore, you must accept the

9  evidence presented in the English translation and disregard

10  any different meaning.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    COURT'S INSTRUCTION NO. 15.

2

3       Certain charts and summaries have been admitted in

4  evidence.   Charts and summaries are only as good as the

5  underlying supporting material.   You should, therefore, given

6  them only such weight as you think the underlying material

7  deserves.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 16.

The First Superseding Indictment charges that the offenses alleged in Counts One through Six were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One through Six of the First Superseding Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

COURT'S INSTRUCTION NO. 17.

The defendant is charged in Counts 1 through 6 of the First Superseding Indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property, was, in fact, derived from bribery of a public official in violation of foreign law, namely, Article 129 of South Korea's Criminal Code; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, or transfer in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.  A monetary instrument includes personal checks, bank checks, and money orders.

The term "financial institution" means a federally insured financial institution.

17

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense.  The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense.  The government does not need to prove that the defendant knew the precise nature of the criminal offense, or knew the property involved in the transaction represented the proceeds of bribery of a public official in violation of foreign law, namely, Article 129 of South Korea's Criminal Code.

Although the government must prove that, of the property at issue, more than $10,000 was criminally derived, the government does not need to prove that all of the property at issue was criminally derived.

COURT'S INSTRUCTION NO. 18.

The First Superseding Indictment alleges that the property involved in the monetary transactions was derived from bribery of a public official in violation of foreign law, namely, Article 129 of South Korea's Criminal Code.

Article 129 prohibits a public official from receiving, demanding, or promising to accept a bribe in connection with his duties.

In order to establish that the property involved in the monetary transactions was derived from bribery of a public official in violation of Article 129 of South Korea's Criminal Code, the Government must prove each of the following elements beyond a reasonable doubt:

(1) The defendant is a public official for the purposes of Article 129; and

(2) The defendant received, demanded, or promised to accept a payment in exchange for exercising his official duties, or in other words, as a quid pro quo for exercising his official duties.

I instruct you as a matter of law that a director or researcher at the Korea Institute of Geoscience and Mineral Resources ("KIGAM") is a public official for the purposes of Article 129.

19

"Official duties" include duties for which the public official is responsible under the law, acts closely related to such duties, acts that the public official is practically or customarily responsible for, and acts that may influence decision-makers.

COURT'S INSTRUCTION NO. 19.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

COURT'S INSTRUCTION NO. 20.


The defendant may be found guilty of money laundering as charged in Counts One through Six, even if the defendant personally did not commit the act or acts constituting the crime, but caused the act or acts to be done.

To prove a defendant guilty of causing the commission of the crime, the government must prove beyond a reasonable doubt:

First, the crime was committed by someone; and

Second, the defendant willfully ordered, directed, or otherwise brought about the commission of the crime.

COURT'S INSTRUCTION NO. 21.


When you begin your deliberations, elect one member of
the jury as your foreperson who will preside over the
deliberations and speak for you here in court.  You will then
discuss the case with your fellow jurors to reach agreement
if you can do so.  Your verdict, whether guilty or not
guilty, must be unanimous.

Each of you must decide the case for yourself, but you
should do so only after you have considered all the evidence,
discussed it fully with the other jurors, and listened to the
views of your fellow jurors.

Do not be afraid to change your opinion if the discussion
persuades you that you should.  But do not come to a decision
simply because other jurors think it is right.

It is important that you attempt to reach a unanimous
verdict but, of course, only if each of you can do so after
having made your own conscientious decision.  Do not change
an honest belief about the weight and effect of the evidence
simply to reach a verdict.

COURT'S INSTRUCTION NO. 22.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

COURT'S INSTRUCTION NO. 23.


     The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1                     COURT'S INSTRUCTION NO. 24.

2

3       A verdict form has been prepared for you.  After you have

4   reached unanimous agreement on a verdict, your foreperson

5   should complete the verdict form according to your

6   deliberations, sign and date it, and advise the clerk that

7   you are ready to return to the courtroom.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 25.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.